FR:VL
F#: 2011R00447

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

    - against -

ANTHONY CICCONE,
    also known as
    "Anthony DiSalvo,"

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **MAY 03 2016** ★

LONG ISLAND OFFICE

FINAL ORDER OF FORFEITURE

12-CR-357 (S-2) (DRH)

WHEREAS, on or about February 17, 2015, ANTHONY CICCONE (the "Defendant"), pled guilty to Count Two of the above-captioned second superseding indictment, charging a violation of 18 U.S.C. § 1349;

WHEREAS, on or about February 25, 2015, this Court entered a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, wherein the Defendant agreed to forfeit to the United States all right, title and interest in the following: (a) a forfeiture money judgment in the amount of twelve million, one hundred thousand dollars and no cents ($12,100,000.00) (the "Forfeiture Money Judgment"); (b) the real property and premises, together with its respective buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2 Farm Lane, Locust Valley, New York 11560, and all proceeds traceable thereto (the "2 Farm Lane Premises"); (c) all funds and other things of value deposited into Woori America bank account 601001118, held

Case 2:12-cr-00357-DRH-AKT   Document 443   Filed 05/03/16   Page 2 of 6 PageID #: 5062

2

in the name of Victoria Keenen in the amount of two hundred seventy thousand dollars and no cents ($270,000.00) in United States currency, more or less, and all proceeds traceable thereto; (d) all funds and other things of value deposited into Wells Fargo Bank account 6046889017, held in the name of Victoria M. Keenen in the amount of nineteen thousand, five hundred and seventy-three dollars and twenty-nine cents ($19,573.29) in United States currency, more or less, and all proceeds traceable thereto; (e) all funds and other things of value deposited into Wells Fargo Bank account 8660680029, held in the name of Victoria M. Keenen in the amount of one thousand, one hundred and two dollars and forty-nine cents ($1,102.49) in United States currency, more or less, and all proceeds traceable thereto; (f) thirty-one thousand dollars and no cents ($31,000.00) in United States currency seized on or about January 31, 2014, from Defendant's residence located in Locust Valley, New York, more or less, and all proceeds traceable thereto; (g) two hundred (200) 1-ounce America Eagle gold coins seized on or about January 31, 2014, from Defendant's residence located in Locust Valley, New York, more or less, and all proceeds traceable thereto; (h) total payments of $275,000 to the United States from proceeds of defendant's interest in shares representing a 49% interest in Mission Lakes Restaurant, Inc., doing business as "Mission Lakes Restaurant, Inc., dba "Sal's Italian Ristorante #304" ("Sal's") and any and all other rights and benefits derived therefrom, including all payments, distributions, and transfers of all other things of value otherwise due and payable by reason of the such interest; (i) one Emerald (Beril), oval shaped, Columbian origin, wax and oil treated, 91.67ct polished stone; (j) one hundred thousand dollars and no cents ($100,000.00) in United States currency, which was turned over by defense attorney Richard A. Finkel, Esq., on or about March 3,

2014, and all proceeds traceable thereto; and (k) one hundred and twenty-five thousand dollars and no cents ($125,000.00) in United States currency, which was turned over by defense attorney Richard A. Finkel, Esq., on or about March 18, 2014, and all proceeds traceable thereto (collectively, items (b) through (k) are referred to as the "Forfeited Assets"), forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as property, real or personal, constituting or derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 1349, and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

WHEREAS, legal notice of the Preliminary Order of Forfeiture was published in this district on the official government website, www.forfeiture.gov, for thirty (30) consecutive days beginning on March 12, 2015 through and including April 10, 2015;

WHEREAS, on or about March 13, 2015, the government served via Federal Express and regular U.S. mail, notice to all those persons known to the government, who might have an interest in the Forfeited Assets;

WHEREAS, on or about March 4, 2016, the United States agreed that it will not challenge Third-Party Petitioner's Hudson City Savings Bank's interest (a mortgage and note in the approximate amount of $374,000) in the 2 Farm Lane Premises; and

WHEREAS, upon payment totaling $275,000 to the United States from the proceeds of defendant's interest in Sal's, the United States' interest in Sal's was satisfied in full and the United States moved for and obtained an order dated June 18, 2015 providing for Release of the Ex-Parte Post-Indictment Restraining Order on defendant's interest in Sal's; and

United States v. Anthony Ciccone, 12-CR-357 (DRH)
Final Order of Forfeiture

WHEREAS, other than Hudson City, no other third party has filed with the Court any petition or claim in connection with the Forfeited Assets, and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that all right, title and interest in the Forfeited Assets is hereby condemned, forfeited, and vested in the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p), and the Preliminary Order of Forfeiture.

IT IS FURTHER ORDERED that the United States Marshals Service ("USMS"), the Federal Bureau of Investigation ("FBI") and/or the United States Postal Inspection Service ("USPIS"), their duly authorized agents and/or contractors be, and hereby are, directed to dispose of the Forfeited Assets in accordance with all applicable laws and regulations.

IT IS FURTHER ORDERED that the United States District Court for the Eastern District of New York shall retain jurisdiction in this case for the purpose of enforcing the Preliminary Order of Forfeiture and this Final Order of Forfeiture, and any supplemental orders of forfeiture as may be necessary.

IT IS FURTHER ORDERED that the Clerk of Court shall enter final judgment of forfeiture to the United States in accordance with the terms of this Final Order and the Preliminary Order of Forfeiture.

United States v. Anthony Ciccone, 12-CR-357 (DRH)
Final Order of Forfeiture

IT IS FURTHER ORDERED that the Clerk of Court shall send five (5) certified copies of this Final Order to the United States Attorney's Office, 610 Federal Plaza, 5th Floor, Central Islip, New York 11722, Attn: FSA Asset Forfeiture Paralegal Brian Gappa.

Dated:  Central Islip, New York
~~April~~ May 3, 2016

s/Denis R. Hurley

HONORABLE DENIS R. HURLEY
UNITED STATES DISTRICT JUDGE
EASTEN DISTRICT OF NEW YORK

United States v. Anthony Ciccone, 12-CR-357 (DRH)
Final Order of Forfeiture

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

                                               12-CR-0357

       - against -

                                               (Hurley, J.)

ANTHONY CICCONE

                   Defendant

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## DECLARATION OF SERVICE

      Brian Gappa, hereby declares and states as follows, that on the 25th day of April, 2016, I delivered by email the Final Order of Forfeiture to Sam Talkin, Esq at samt@talkinlaw.com.

      The undersigned affirms under penalty of perjury that the foregoing is true and correct.

Dated:      Central Islip, New York
              April 25, 2016

                                    */s/ Brian Gappa*
                                    BRIAN GAPPA
                                    FSA Asset Forfeiture Paralegal